IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01478-REB-CBS

JONATHAN ESTES,
        Plaintiff,
v.

J.G. FORTUNATO,
CAPTAIN NEGLEY,
J. MOON, and
OPTOMETRIST ELRID,
        Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on the "Motion to Strike Plaintiff's Motion

for Partial Summary Judgment" filed by Defendants Fortunato and Negley on January

24, 2011 (Doc. # 53).  Pursuant to the Order of Reference dated July 22, 2010 (Doc. #

9) and the memorandum dated January 25, 2011 (Doc. # 54), this matter was referred

to the Magistrate Judge.  The court has reviewed the matter, the entire case file, and

the applicable law and is sufficiently advised in the premises.

        Defendants Fortunato and Negley move to strike Mr. Estes' [Motion for] "Partial

Summary Judgment" because it fails to comply with the Local Rules of Practice of the

United States District Court for the District of Colorado, which require that a motion for

summary judgment or a partial motion for summary judgment "shall include a statement

of undisputed facts. . . ." *See* D.C.Colo.L.Civ.R. 56.1(A).  On January 25, 2011, the

court directed Mr. Estes to file his response to the Motion to Strike on or before

1

February 16, 2011.  (*See* Doc. # 55).  As of this date, Mr. Estes has not filed any response to the Motion to Strike.

On November 8, 2010, the court stayed all discovery in this action.  Mr. Estes' Amended Complaint (Doc. # 37) was deemed filed on November 29, 2010.  (*See* Courtroom Minutes/Minute Order (Doc. # 39)).  On December 13, 2010, Defendants Fortunato and Negley filed their Motion to Dismiss (Doc. # 41).  Mr. Estes filed his Response to the Motion to Dismiss on January 3, 2011.  (*See* Doc. # 48).  On January 3, 2011, Mr. Estes filed his [Motion for] "Partial Summary Judgment."  (*See* Doc. # 49). Defendant Moon filed his Motion to Dismiss on February 14, 2011.  (*See* Doc. # 57).[1] On February 15, 2011, the court directed Mr. Estes to file his response to Defendant Moon's Motion to Dismiss on or before March 14, 2011.  (*See* Doc. # 59).

"The standards for dismissing a complaint under Rule 12(b)(6) and the standards for granting summary judgment are substantially different."  *Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996).  Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  *See also Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) ("a Rule 12(b)(6) motion is addressed to the face of the pleading").  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Summary judgment is proper where

---

[1]    Defendant Elrid is not employed at the Colorado Department of Corrections and cannot be served by the U.S. Marshal at the address provided by Mr. Estes.

"there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendants argue that Mr. Estes' failure set forth a statement of undisputed facts does not assist the court or the Defendants in determining which facts are disputed or undisputed.  In his Motion, Mr. Estes relies in part upon Defendants' arguments made in their Motion to Dismiss.  (*See* Doc. # 49 at p. 2 of 5) ("The Plaintiff contends that there is no genuine issue of a material fact showing that there is a genuine issue for trial. This is particularly true in light of the fact that the defendant opposes the plaintiff[']s Eighth Amendment deliberate indifferent [sic] claim, based solely on the fact that the plaintiff was not previously diagnosed by a physician prior to his complaints to the defendant J.G. Fortunato.").  Mr. Estes provides his "Declaration in Support" of his Motion that consists of his conclusory allegations that he labels as "exhibits."  (*See* Doc. # 50).  Many of these conclusory statements pertain to matters in which Mr. Estes has not demonstrated any personal knowledge.

Even as a *pro se* party, Mr. Estes must comply with all applicable rules and procedures.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d at 840.  Pursuant to District Judge Blackburn's Practice Standards for Civil Actions, a "noncomplying" motion . . . is a paper that does not conform in form or substance to the procedural, formatting, or technical requirements of the apposite statute, regulation, rule of civil procedure, local rule, or these practice standards."  REB Civ. Practice Standard V.B.1.  "Motions that are untimely, noncomplying, or filed without a certification pursuant to D.C.COLO.LCivR 7.1A. will be denied without prejudice or stricken *sua sponte*."  *Id.*  In

3

light of Mr. Estes' noncompliance with the Local Rules and his failure to provide factual and evidentiary support for his [Motion for] "Partial Summary Judgment," it is properly stricken.

Accordingly, IT IS ORDERED that the "Motion to Strike Plaintiff's Motion for Partial Summary Judgment" filed by Defendants Fortunato and Negley on January 24, 2011 (Doc. # 53) is GRANTED and Plaintiff's [Motion for] "Partial Summary Judgment" (filed January 3, 2011) (Doc. # 49) is STRICKEN without prejudice.

DATED at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:


_____s/Craig B. Shaffer_____
United States Magistrate Judge